PERKINS v. SCOTT.

1. **Equity: RESCISSION OF CONTRACT: MENTAL WEAKNESS.** Equity will set aside a contract for the sale of real estate, and a conveyance thereunder, where it appears that the business capacity of the vendor was greatly weakened by trouble and distress of mind, and the price paid was so grossly inadequate as to shock the conscience.

2. —— TIMBER AND RENTS. And in such case the grantee will be held liable for timber taken by him from, and the rent of, the premises, during his possession; but the value of such rent must be fixed with reference to the unfenced condition in which the premises were left by a freshet, soon after the sale, rather than their condition at the time thereof.

*Appeal from Decatur District Court.*

WEDNESDAY, JULY 31.

THE case is one in equity to rescind a contract for the sale and conveyance of some eighty-four acres of land made by the plaintiff to the defendant, on the ground of gross inadequacy of price (the consideration being thirty dollars), and the incompetency of the plaintiff, at the time, to contract, from great mental disturbance, which partially affected her reason, and rendered her unfit for business. The defendant admitted the purchase for the consideration named and the payment of a certain mortgage due the county, but denied all the other allegations. On hearing the cause, the court granted the prayer of the bill and the defendant appeals.

*W. M. Stone* for the appellant.

*C. C. Nourse* for the appellee.

LOWE, Ch. J. — The plaintiff's husband, for several years, had left her and gone to parts unknown. She had obtained permission from the court

1. EQUITY: rescission of contract.

to transact business in her own name.   The property in question was swamp land purchased of the county, which held a mortgage on the same for some sixty-six dollars balance of the purchase-money unpaid.   Besides this she owed but little.

There were two small dwelling-houses on the land, and some thirty or forty acres under fence and cultivation. The live stock and personal property which she had at the time, was worth $120 to $150.   The evidence of the value of the land and improvements, and in regard to the condition of plaintiff's mind at the time she conveyed the same to defendant, is conflicting.   In the consideration of it as a whole, however, the court below reached the following conclusions of fact:

That the plaintiff did, on the 26th of November, 1864, deed the land in controversy to defendant; that while she was not insane at that time, she was, nevertheless, so affected by trouble and distress of mind as to be reduced to a state of almost imbecility; that the price to be paid by defendant was so grossly inadequate as to shock the conscience; that the amount paid by the defendant on the purchase, in all, including interest paid on note and mortgage to Decatur county is $32.05; that the amount of timber which the defendant took or caused to be taken from the premises since the purchase, was and is of the value of twenty-five dollars; that the rent of the premises which is in the possession of defendant, is worth $120. In view of these facts, the court on its final determination of the cause, decreed a reconveyance of the premises to the plaintiff, and rendered a judgment against the defendant in her favor for $112.95, together with costs of suit. This money portion of the judgment was arrived at, we presume, by adding the price of the timber taken, to the value of the rent, and deducting therefrom the $32.05, paid by defendant on the purchase-money.

Perkins v. Scott.

Our reading and consideration of the testimony brings us, in the main, to the same conclusions of law and fact

**2. —— timber and rents.** which the court below reached as above stated, with the exception of the amount of rent which the defendant ought to pay under the circumstances. While it is true some of the witnesses did fix the same at the sum specified, yet it is quite clear to our minds that their estimate of it was made without any reference to the fact that the fences on the premises were swept away by a flood the spring following the sale, that the same had not yet been replaced, and that, as a matter of fact, the land had not been cultivated. What it would have been worth in that condition, was not stated by the witnesses, nor were they examined with reference to that phase of the subject. Notwithstanding the contract of sale, conveyance and change of possession, yet, in contemplation of equity, under the circumstances of the case, the ownership of the property was not changed, but remained in the plaintiff, as the real proprietor. The injury done the place by the elements which prevented its use and cultivation, was not the fault of the defendant, nor had it any connection with the contract now sought to be rescinded by these proceedings. In this aspect of the question, the evidence leaves the matter of the rent in too much uncertainty to justify the court, as we think, in holding the defendant responsible therefor to the same extent as if there had been no interruption of the cultivation by the flood. We would be better satisfied to affirm the decision below in all things except the judgment for $112.95, allowing the timber and what little use the defendant had of the premises to offset the $32.05 paid by him for the use of plaintiff, and simply to confirm the decree in other respects. While the evidence, in our opinion, would support and, perhaps, demand such a decree, yet we may safely admit that it is not of

that clear and conclusive character which entitled the plaintiff to any extraordinary relief.

With the above modification, the judgment below will be affirmed.

Affirmed.